IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

========================================

Docket No. 16-3967

-----------------------------------

RE COMMUNITY HOLDINGS II, INC.,

Plaintiff - Appellee,

- vs. -

ECULLET, INC.,

Defendant - Appellant.

-----------------------------------

APPEAL OF ECULLET, INC., FROM OCTOBER 7, 2016 ORDER
OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY, HON. RENEE MARIE BUMB, U.S.D.J.,
DOCKET NO. 16-CV-00304, DENYING APPELLANT'S
MOTION TO VACATE DEFAULT JUDGMENT

========================================

BRIEF OF DEFENDANT-APPELLANT

========================================

Sean X. Kelly, Esquire (SXK8444)
Sean Robins, Esquire (SR1603)
Marks, O'Neill, O'Brien,
Doherty & Kelly, P.C.
Cherry Tree Corporate Center
535 Route 38 East
Suite 501
Cherry Hill, NJ  08002
(856) 663-4300

{NJ734085.1}

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iv

STATEMENT OF ISSUES PRESENTED ................................................ 1

STATEMENT OF RELATED CASES AND PROCEEDINGS .................... 1

STATEMENT OF THE CASE ............................................................ 1

STATEMENT OF THE FACTS ......................................................... 3

SUMMARY OF THE ARGUMENT ..................................................... 9

STATEMENT OF THE STANDARD OF REVIEW ................................ 9

ARGUMENT ............................................................................... 10

I.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
DENYING APPELLANT'S MOTION TO VACATE DEFAULT
JUDGMENT ......................................................................... 10

    A.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
DETERMINING THAT APPELLANT'S CONDUCT IN
THE ENTRY OF DEFAULT JUDGMENT WAS
CULPABLE ............................................................... 14

    B.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
DETERMINING THAT THE DEFENSES ASSERTED BY
APPELLANT WERE NOT MERITORIOUS ..................... 21

    C.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
DETERMINING THAT APPELLEE WOULD SUFFER
PREJUDICE IF THE DEFAULT JUDGMENT WAS
VACATED ................................................................ 24

D.    THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPROPRIATELY WEIGH THE ENORMITY OF THE PREJUDICE WHICH WOULD BE SUFFERED BY THE APPELLANT IF THE DEFAULT JUDGMENT WAS NOT VACATED ...................................... 29

CONCLUSION ................................................................................... 32

# TABLE OF AUTHORITIES

## Cases

*Blue Ribbon Commodity Traders, Inc. v. Progresso C ash and Carry*,
2008 U.S.Dist. LEXIS 57353 (E.D.Pa. July 23, 2008) ................................... 28

*Brand v. NCC Corp.*, 540 F.Supp. 562 (E.D.Pa. 1982) ............................... 15

*Cassell v. Philadelphia Maint. Co.*, 198 F.R.D. 67 (E.D.Pa. 2000) ................. 28

*Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000) ............................ 15

*Dominion Airtech v. Born Envtl. Servs.*, 2003 U.S. Dist. LEXIS 9809
(E.D.Pa. May 27, 2003) ................................................................. 14

*Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339 (3d Cir. 1982) ............ 11

*Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71 (3d Cir. 1987) ................. 13, 14, 17

*Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir. 1982) ............................... 11, 12

*Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 153 (3d Cir. 1986) ............... 9

*Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653 (3d Cir. 1982) ....... 11, 14, 25

*General Tire & Rubber Co. v. Olympic Gardens, Inc.*, 85 F.R.D. 66
(E.D.Pa. 1979) .......................................................................... 25

*Giordano v. McCartney*, 385 F.3d 154, 155 (3d Cir. 1967) ......................... 9

*Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir. 1983)
........................................................................... 11, 14, 15, 25

*Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979 (3d Cir. 1988) ................... 9, 12

*Henry v. Metropolitan Life Ins. Co.*, 3 F.R.D. 142 (W.D.Va. 1942) ....... 13, 25, 30

*Hill v. Williamsport Police Dept.*, 69 Fed. Appx. 49 (3d Cir. 2003) ........... 11, 29

*Horning v. David*, 137 Pa.Super. 252, 8 A.2d 729  (Pa.Super. 1939) ………….... 25

*Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984) …………………….....… 12, 29

*Huntington Cab Co. v. American Fidelity & Casualty Co.*, 4 F.R.D. 496
(S.D.W.Va. 1945) ……………………………………………………………....… 12

*Kimberg v. Univ. of Scranton*, 411 Fed. Appx. 473 (3d Cir. 2010) …………….. 30

*Medunic v. Lederer*, 533 F.2d 891 (3d Cir. 1976) ……………………………...… 11, 30

*National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639 (1976) …… 18

*Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*,
175 Fed. Appx. 519 (3d Cir. 2006) …………………………………… 9, 12, 23-24

*Olivia B. v. Sankofa Acad. Charter Sch.*, 2014 U.S.Dist. LEXIS 155993, 17
(E.D.Pa. Nov. 4, 2014) ………………………………………………....…….. 14, 23

*Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) ……... 13

*PTD Enterprises, LLC v. Hospitality Trade Program, LLC*, 2015 U.S.Dist.
LEXIS 53680 (M.D.Pa. Apr. 24, 2015) ……………………………………………… 12

*Schartner v. Copeland*, 59 F.R.D. 653 (M.D.Pa. 1973) ……………………...…… 25

*Standard Grate Bar Co. v. Defense Plant Corp.*, 3 F.R.D. 371 (M.D.Pa. 1944)
……………………………………………...…………………………………………... 12

*Titus v. Smith*, 51 F.R.D. 224 (E.D.Pa. 1970) ……………………………………. 25

*Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir. 1951)
……………………………………………………...… 11-13, 21, 24-26, 30, 31

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984)
……………………………………………………………………. 11, 12, 21, 30

## Rules

Fed.R.Civ.P. 55(c) ............................................................... 10

Fed.R.Civ.P. 60(b) ......................................................... 10, 12

Fed.R.Civ.P. 60(b)(1) .............................................. 10, 11, 13, 18

Fed.R.Civ.P. 60(c) ........................................................ 10

## ISSUES PRESENTED

Whether the district court below abused its discretion in denying the

Appellant's Motion to Vacate Default Judgment entered against it, and in favor of

Appellee, in the amount of $7,695,179.97; in its determination that the Appellant's

conduct was culpable in the entry of the default judgment, that the Appellant had

not asserted a meritorious defense, and that the Appellee would suffer prejudice if

the judgment were vacated; and in its failure to properly weigh the enormity of the

prejudice which Appellant will suffer if the judgment is not vacated, and it is not

permitted to defend the Appellee's claims on the merits.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Appellant is aware of a potentially related declaratory judgment action

pending in the Superior Court of New Jersey, Camden County, Docket No. L-

3718-16, *StarStone Specialty Ins. Co. v. eCullet, Inc., Re Community Holders II,*

*Inc.*

## STATEMENT OF THE CASE

This matter arises from a claim for the alleged breach of a contract brought

by Appellee, ReComm  (owner and operator of a materials recovery facility) (**JA**

**0081, at ¶4**), as against Appellant, eCullet  (owner and operator of a glass

processing facility) (**JA 0081, at ¶6**), alleging that eCullet breached their five-year

agreement to accept and process glass materials, when it "stopped accepting mixed glass materials" from ReComm, and/or, it "stated that [it] intended to sell its business including the Processing Facility." (**JA 0081-0083, at ¶¶8-13**) ReComm alleges that it has sustained, or will have sustained, damages totaling almost $7.7 million, through the end of the term of the agreement, as a consequence of eCullet's alleged breach. (**JA 0084, at ¶23**)

Appellee, ReComm, filed suit against eCullet, on January 19, 2016, and effected service on January 21, 2016. (**JA 0080; JA 0051; JA 0064, at ¶2**) On January 26, 2016, eCullet submitted the Complaint to its insurer for defense (**JA 0064, at ¶¶3-4**), and awaited assignment of counsel by its insurer. (**JA 0065, at ¶5**).

While awaiting assignment of counsel by its insurer, and without prior notice, counsel for ReComm requested, and on February 16, 2016, was granted an entry of default against eCullet (**JA0065, at ¶¶6-7; JA 0002, at Docket Entry No. 6**). It was not until February 22, 2016, that eCullet was notified that ReComm had either sought or obtained either a default or default judgment. (**JA 0065, at ¶11**) On February 24, 2016, following ReComm's request two days earlier, the clerk entered default judgment against eCullet, in the amount of $7,695,179.97. (**JA 0065, at ¶12; JA 0003, Docket Entry No. 10**).

A few days later, on March 3, 2016, eCullet was informed that their insurer was accepting defense of the claim under a reservation of rights. (**JA 0066**, at ¶13; **JA 0055-0063**) Due to eCullet's financial inability to satisfy a $100,000 retention under its policy, it was not until April 7, 2016, following discussions, that eCullet's insurer agreed to provide the defense without satisfaction of the retention, upon proof of its financial inability to do so. (**JA 0066-0067**, at ¶¶17-19) Defense counsel was thereafter assigned. (**JA 0067**, at ¶19)

Counsel for eCullet, on May 13, 2016 filed the subject Motion to Vacate Default Judgment, and following briefing on the motion, and without argument, the District Court, the Honorable Renee Marie Bumb, denied Appellant's motion, and the instant appeal followed.

## STATEMENT OF THE FACTS

This matter was commenced by Plaintiff-Appellee, Re Community Holdings II, Inc. ("ReComm"), with the filing of a Complaint in the United States District Court, for the District of New Jersey, on or about January 19, 2016. (**JA 0080**)

Appellee, ReComm, is a Delaware corporation, with its principal place of business located at 809 West Hill Street, Charlotte, NC 28208, which owns and operates "material recovery facilities" located in Camden and Mine Hill, New Jersey; and New Castle, Delaware. (**JA 0081**, at ¶¶3-4)

Defendant-Appellant, eCullet, Inc. ("eCullet") is a California corporation, with a principal place of business formerly (and at times relevant to this matter) located at 600 Hansen Way, Suite 200, Palo Alto, California 94304. (**JA 0068**, at ¶1; **JA 0081**, at ¶5)

The Complaint was served upon Appellant's agent for service of process on January 21, 2016, in Sacramento, California. (**JA 0051**; **JA 0064**, at ¶2)

Notice of the Complaint was provided to eCullet's insurance carrier, via eCullet's insurance broker, on January 26, 2016, receipt of which was acknowledged by StarStone U.S. Services, Inc. (f/k/a Torus U.S. Services, Inc.), as claims administrator for StarStone Specialty Insurance Company ("StarStone") (f/k/a Torus Specialty Insurance Company), eCullet's insurer. (**JA 0064**, at ¶¶3-4)

Following submission of notice of the Complaint to StarStone (Torus), eCullet awaited its insurer's response and assignment of defense counsel pursuant to the insurance policy for the defense of this matter. (**JA 0065**, at ¶5)

Without any prior notice to eCullet, on February 12, 2016, the 22nd day following service of the Complaint, counsel for ReComm filed a request for entry of default, under Fed.R.Civ.P. 55(a), with the Clerk of the Court. (**JA 0065**, at ¶¶6-7; **JA 0002**, at Docket Entry No. 6)

On February 16, 2016, again, without prior notice to eCullet, the Clerk of the Court entered default. (**JA 0065**, ¶¶8-9; **JA 0002**, at 2/16/16 Docket Entry)

Just six (6) days later, on February 22, 2016, counsel for ReComm filed a Request for Entry of Final Judgment by default, pursuant to Fed.R.Civ.P. 55(b)(1), with Certification of Counsel and Statement of Damages, in support of ReComm's request to enter judgment in its favor, and against eCullet, in the amount of $7,695,179.97. (**JA 0065**, at ¶¶10; **JA 0002**, Docket Entry No. 8) It was not until February 22, 2016, that eCullet was provided with notice that ReComm had sought either entry of default, or judgment on that default. (**JA 0065**, at ¶11)

Two days later, on February 24, 2016, the Clerk of the Court entered an Order granting final judgment by default to ReComm, in the amount of $7,695,179.97, and marked the case as closed. (**JA 0065**, at ¶12; **JA 0003**, Docket Entry No. 10)

It was not until March 3, 2016, that eCullet was contacted by counsel for its insurer, StarStone (Torus) for the first time since the acknowledgement of receipt on January 27, 2016, of the claim and Complaint in this matter. (**JA 0066**, at ¶13; See reservation of rights letter from Gary L. Gassman, Esquire, on behalf of StarStone, dated March 3, 2016, **JA 0055 - 0063**)

In a reservation of rights letter from its insurer, StarStone (Torus), dated March 3, 2016, eCullet was informed of the decision by Torus to provide eCullet with a defense to the ReComm complaint, under a reservation of rights. (**JA 0055 - 0063**; **JA 0066**, at ¶¶13-14)

By March 3, 2016, the date upon which eCullet's insurer notified of its decision to provide a defense to ReComm's Complaint, and while eCullet had been awaiting that decision to be made, barely days after the expiration of the 21-day period for response to the Complaint, ReComm had sought and obtained both a clerk's entry of default and a clerk's entry of final judgment on that default.  (**JA 0139 - 0140; JA 0141 - 0147**)

Although eCullet had acted promptly in providing notice of the claim and Complaint by ReComm to its insurer, StarStone (Torus), which notice had been promptly acknowledgement by its insurer, it was not until 35 days later, that Defendant received confirmation from its insurer that a defense and representation would be provided under its insurance policy of the claims in this matter.  (**JA 0064, at ¶¶3-4; JA 0066, at ¶¶13-14**)

The March 3, 2016 letter from counsel for its insurer, Torus, was the first communication received by Defendant, eCullet, since it promptly submitted the claim on January 26, 2016, to Torus seeking defense under its insurance policy.  (**JA 0066, at ¶15**)

Appellant, eCullet, in promptly submitting notice of the service of ReComm's Complaint upon its insurer, pursuant to its insurance policy, reasonably believed that by doing so it was properly and appropriately responding to the receipt of the Complaint.  (**JA 0066, ¶16**)  Appellant, eCullet, relied upon its

submission of ReComm's Complaint to its insurer, and reasonably believed that its interests were being timely addressed.  **(JA 0066, at ¶16)**

As noted in the March 3, 2016 reservation of rights letter from its insurer, and pursuant to its insurance policy, Appellant eCullet was required to "satisfy the Policy's $100,000 per Claim Retention" before StarStone (Torus) was obligated to pay any defense costs.  **(JA 0066, at ¶17; JA 0063)**

Following receipt of the March 3, 2016 reservation of rights letter, Appellant, eCullet, informed its insurer, StarStone (Torus), that it was not financially capable of satisfying the Policy's $100,000 per Claim Retention, which would have required eCullet to pay the costs of defense in this matter until the $100,000 retention was satisfied.  **(JA 0066 - 0067, at ¶18)**

On April 7, 2016, following discussions between eCullet and its insurer, StarStone (Torus) agreed to undertake the defense of eCullet, waiving the $100,000 retention, and to pay defense costs from the first dollar, conditioned upon eCullet providing evidence of its inability to pay the $100,000 per Claim Retention.  **(JA 0067, at ¶19)**

Appellant, eCullet, provided a copy of its balance sheet to StarStone (Torus) as evidence of its inability to pay the $100,000 per Claim Retention, which was satisfactory.  **(JA 0067, at ¶19)**  StarStone (Torus) then retained this firm, Marks,

O'Neill, O'Brien, Doherty & Kelly, P.C., to represent eCullet as defense counsel in this matter. (**Id.**)

On May 13, 2016, shortly following its retention, defense counsel filed a Motion to Vacate Default Judgment on behalf of eCullet. Following briefing, and upon the papers, the District Court, the Hon. Renee Marie Bumb, denied Appellant's motion, and the instant appeal followed.

## SUMMARY OF THE ARGUMENT

The District Court abused its discretion in denying Appellant's Motion to Vacate Default Judgment. The District Court abused its discretion in its determination that the Appellant's conduct was culpable in the entry of the default judgment, that the Appellant had not asserted a meritorious defense, and that the Appellee would suffer prejudice if the judgment were vacated. The District Court further abused its discretion by not considering the enormity of the prejudice which Appellant will suffer if the judgment is not vacated, and it is not permitted to defend the Appellee's claims on the merits.

## STATEMENT OF THE STANDARD OF REVIEW

The Third Circuit reviews the District Court's "refusal to set aside the default judgment under an abuse of discretion standard." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521 (3d Cir. 2006), quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988). *See also Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 153 (3d Cir. 1986); *Giordano v. McCartney*, 385 F.3d 154, 155 (3d Cir. 1967).

# **ARGUMENT**

## I.    THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT

Appellant, eCullet, sought from the District Court below an order vacating

the entry of final judgment by default, and granting eCullet leave to file an Answer

to the Complaint of Plaintiff, ReComm.

The order entering final judgment against eCullet, in this matter, was entered

pursuant to Fed.R.Civ.P. 55, which provides that "[t]he court may set aside an

entry of default for good cause, and may set aside a final default judgment under

Rule 60(b)." Fed.R.Civ.P. 55(c).

The standard for relief from a final judgment is governed, in pertinent part,

by Fed.R.Civ.P. 60(b), which provides as follows:

> (b)    Grounds for Relief from a Final Judgment,
> Order, or Proceedings.  On motion and just terms, the court
> may relieve a party or its legal representative from a final
> judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable
>> neglect;  . . .

A motion under Rule 60(b) "must be made within a reasonable time --  and

for reasons (1), (2), and (3) no more than a year after the entry of the judgment or

order or the date of the proceeding. . . ." Fed.R.Civ.P. 60(c)

In determining whether to set aside the entry of a default judgment, the

decision is left to the discretion of the district court, and is not set aside absent

abuse of discretion. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192,

194-195 (3d Cir. 1984), citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d

242, 244-245 (3d Cir. 1951).

The Third Circuit requires that the district court consider the following

factors in its determination as to whether to grant or deny a motion to set aside a

default judgment pursuant to Rule 60(b)(1):

> We require the district court to consider the following
> factors in exercising its discretion in granting or denying a
> motion to set aside a default under Rule 55(c) or a default
> judgment under Rule 60(b)(1): (1) whether the plaintiff
> will be prejudiced; (2) whether the defendant has a
> meritorious defense; (3) whether the default was the result
> of the defendant's culpable conduct.

*U.S. v. $55,518.05*, 728 F.2d at 195, citing *Gross v. Stereo Component Systems,*

*Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Co., Ltd.*, 691

F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.

1982); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

The Third Circuit has consistently held that it "does not favor entry or

defaults or default judgments." *U.S. v. $55,518.05*, 728 F.2d, at 194; *Hill v.*

*Williamsport Police Dept.*, 69 Fed. Appx. 49, 51 (3d Cir. 2003). The Court has

held that "a standard of 'liberality,' rather than 'strictness' should be applied in

action on a motion to set aside a default judgment." *Medunic v. Lederer*, 533 F.2d

891, 893-894 (3d Cir. 1976). Where the is "any doubt" about whether to vacate a

default judgment, the Third Circuit holds that such doubt "should be resolved in favor of the petition to set aside the judgment so that cases be decided on the merits." *U.S. v. $55,518.05*, 728 F.2d at 195, quoting *Tozer*, 189 F.2d at 245. *See also Harad*, 839 F.2d at 982; *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *Farnese*, 687 F.2d, at 764; *PTD Enterprises, LLC v. Hospitality Trade Program, LLC*, 2015 U.S.Dist. LEXIS 53680, at *5 (M.D.Pa. Apr. 24, 2015).

It has been generally held that the Court's discretion under Rule 60(b) "should be liberally exercised in order that cases may be disposed of upon their merits, and parties claiming in good faith to have a substantial defense to an action should be given an opportunity to present it." *Standard Grate Bar Co. v. Defense Plant Corp.*, 3 F.R.D. 371, 372 (M.D.Pa. 1944). It is the policy of the Third Circuit to "disfavor[] default judgments and encourage[e] decisions on the merits." *Nationwide*, 175 Fed. Appx. at 521, quoting *Harad*, 839 F.2d at 982.

Further, the Third Circuit has held that "[s]ince the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *Tozer*, 189 F.2d at 245, citing *Huntington Cab Co. v. American Fidelity & Casualty Co.*, 4 F.R.D. 496, 498 (S.D.W.Va. 1945); *Standard Grate*, 3 F.R.D. at 372. The Third Circuit in *Tozer* overturned the District Court's denial of the motion to open a default judgment, finding that "the court below applied a standard of strictness rather than

one of liberality in concluding that justice did not require that the judgment be set aside." 189 F.2d at 245.

The courts have further held that "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided." *Tozer*, 189 F.2d at 245, citing *Henry v. Metropolitan Life Ins. Co.*, 3 F.R.D. 142, 144 (W.D.Va. 1942). The Court in *Henry* noted that:

> Matter involving [very substantial] sums should not be determined by default judgments if it can reasonably be avoided and this is particularly true where there appear to be real issues of fact between the parties on the solution of which recovery depends.

In assessing whether the District Court's denial of a motion to lift a default constituted abuse of discretion, the Third Circuit looks to how and whether the District Court balanced the factors as required under Rule 60(b)(1):

> [I]n exercising our appellate function to determine whether the trial court has abused its discretion in dismissing, or refusing to lift a default, we will be guided by the manner in which the trial court balanced [certain enumerated] factors."

*Emcasco*, 834 F.2d at 73, quoting *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

In the present case, the failure of Defendant, eCullet, to have responded to the Complaint timely, is clearly excusable, and requires the vacation of the default judgment entered against it. There is no indication the Plaintiff will suffer any

prejudice by the opening of the default judgment. Further, Defendant, eCullet, as discussed below, and as sown in the accompanying proposed Answer, has several meritorious defenses which, if proven at trial, would constitute complete defenses to the Plaintiff's claims. And finally, it is clear that the Defendant's conduct in failing to respond timely to the Plaintiff's Complaint was excusable, and not in any way culpable.

### A.   THE DISTRICT COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT'S CONDUCT IN THE ENTRY OF DEFAULT JUDGMENT WAS CULPABLE

The court must consider whether the defaulted party was "culpable" in its failure to timely respond to the complaint, that is, whether its actions were taken willfully or in bad faith. *Gross*, 700 F.2d at 123-124, citing *Feliciano*, 691 F.2d at 657. Culpable conduct has further been defined as that which demonstrates "flagrant bad faith" or the "callous disregard" of a party's responsibilities. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987).

Where, as in this case, "a plaintiff cannot produce evidence to show that the failure to answer the Complaint constituted a 'strategic decision' by the defendants and not mere negligence, culpability has not been established." *Olivia B. v. Sankofa Acad. Charter Sch.*, 2014 U.S.Dist. LEXIS 155993, *19 (E.D.Pa. Nov. 4, 2014), citing *Dominion Airtech v. Born Envtl. Servs.*, 2003 U.S. Dist. LEXIS 9809,

*4-5 (E.D.Pa. May 27, 2003); *Brand v. NCC Corp.*, 540 F.Supp. 562, 563 (E.D.Pa. 1982).

Further, in opposing the motion to vacate default judgment, the Third Circuit has held that the plaintiff must provide evidence that demonstrates that the defendant's delay in filing an answer was due to willful conduct or bad faith. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), citing *Gross*, 700 F.2d at 124.

Any "neglect" on the part of Appellant, eCullet, is clearly excusable under the circumstances, and the entry of the default judgment was not the result of any culpable conduct on the part of eCullet. Within days of being served with Appellee, ReComm's Complaint, the claims and Complaint were forwarded to eCullet's insurer, StarStone (Torus), for handling under eCullet's insurance policy with StarStone. StarStone (Torus) acknowledged receipt of the claim the very next day, and eCullet thereafter reasonably relied upon its insurer to take appropriate and timely action in regard to the Complaint, as eCullet awaited further word from its insurer.

Appellant, eCullet, acted appropriately when it submitted its claim for handling and an expected assignment of defense counsel under its policy, and awaited further communication from the insurer. Under the circumstances, eCullet was justified in relying upon the submission of the Plaintiff's Complaint to its

insurer, and its actions in doing so were reasonable. Although itself acting promptly, eCullet's insurer did not respond and act to provide defense counsel until 35 days following its acknowledgement of receipt of the claim from eCullet. Appellant, eCullet, reasonably believed that its interest were and would be protected by its insurer, once the claim was submitted and acknowledged.

It appears clear that the entry of judgment and then final judgment as against eCullet, was not the result of any culpable or intentional conduct on the part of eCullet, and that any neglect is clearly excusable on the part of eCullet when viewed in the totality of the circumstances. The delay which resulted in ReComm obtaining the entry of default judgment in this matter was the result of the time required by the insurer, StarStone (Torus), to process the claim submitted by eCullet under its policy of insurance, and then to address the issue of a very large deductible required under the policy to be satisfied by eCullet - which eCullet was financially unable to shoulder. In view of this, and the submission of proof by eCullet that it could not pay the first $100,000 of costs, the insurer agreed to pay defense costs from the first dollar, and assigned defense counsel.

Appellee, ReComm, in its opposition below, has attempted to portray Appellant, eCullet, as being culpable for the entry of the default judgment primarily because: (1) it should have known that it was coming, and (2) because it had time to have taken some action to have prevented the entry of the judgment it

once the initial default had been entered. Further, ReComm has criticized eCullet for not having contacted its counsel before the entry of the clerk's default (at a time before defense counsel had been appointed), presumably to have obtained more time to respond. However, ReComm fails to acknowledge that its own counsel failed to take a simple step which is generally customary prior to seeking a default, contact with the party or its counsel prior to doing so.

It is clear from the circumstances before this Court, as evidenced by ReComm's filing in support of the default and judgment on the default, and its response below to the Motion to Vacate Default Judgment, that ReComm specifically sought, as its *primary litigation strategy*, to avoid any need to litigation its claims on their merits, and to "pounce" upon an unrepresented party though a quick dash to the courthouse to obtain a default and then default judgment. The chronology shows this to be the case: ReComm sought the clerk's default within a day of the expiration of the answer period, and then sought and obtained judgment on the default within two days thereafter.

Appellant, eCullet, has set forth the steps it took to protect its interests in this matter, steps which, under the totality of the circumstances, stand as objectively reasonable, without any indication of culpability or, as the Third Circuit noted as required to sustain such a default judgment, "flagrant bad faith." *Emcasco*, 834

F.2d at 75 (citing *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The actions taken by eCullet commencing almost immediately upon receipt of the Complaint in this matter, can hardly be cast as having been taken in "flagrant bad faith." Under the totality of the circumstances, eCullet's actions clearly fit within the requirements of Rule 60(b)(1) - "mistake, inadvertence, surprise, or excusable neglect" - and support a finding by this Court that at *worst* eCullet's actions constituted excusable neglect, in its reliance and expectation that its insurer was acting promptly upon receipt of the claim.

The District Court in its opinion finds that Appellant acted "willfully" rather than "negligently" because, the court finds, it "ignor[ed] this action until May 13, 2016, almost four months after it had been served with the summons and complaint." **(JA 0018)** On the face of the undisputed facts, the District Court's conclusion is factually wrong. In asserting that Appellant "ignor[ed]" this matter until May 13, 2016, the Court itself ignores the uncontroverted factual assertions made by Appellant:

That Appellant submitted ReComm's complaint to its insurer *within days* of its being served. **(JA 0051; JA 0064**, at ¶¶2-4) That eCullet's insurer acknowledged receipt of the claim, and that eCullet thereby reasonably expected that its insurer would be acting on the claim on its behalf. **(JA 0054; JA 0065**, at

¶5)  That on March 3, 2016, eCullet received from its insurer the insurer's reservation of rights on the claim, and notice that counsel was to be assigned, subject to eCullet's fulfilment of the policy's $100,000 retention.  (**JA 0066**, at ¶¶13-14; **JA 0055 - 0063**) *As of this date, and mere days earlier, the default and default judgment had already been entered.*

Rather than the passage of *four months* between service and May 13, 2016 (the date upon which recently-appointed defense counsel filed the motion to vacate at issue in this appeal), the time during which Appellant awaited response from its insurer, which eCullet reasonably expected would appoint counsel to defend its interests, and receipt of that response on March 3, 2016, was only something more than a month from service, and only *seven (7) days* after the court clerk entered the default judgment.  (**JA 0065**, at ¶¶2-14)

It appears that the passage of time following service of the complaint is sole benchmark employed by the District Court in its determination as to whether the actions of Appellant were "willful," and that the May 13, 2016 endpoint selected by the Court is thoroughly arbitrary, particularly in the face of the face that the Court itself has ignored the actions taken by Appellant in response to service of the Complaint.  The Court ignores the practical need for eCullet, as an insured under a policy of insurance, to act according to the terms of that policy, submit its claim to the insurer for assignment of defense counsel, and to proceed therefrom.

Appellant, with all due respect to the District Court, did far more than *nothing* after receipt of the complaint. Further, the time which passed between eCullet's receipt of the March 3, 2016 reservation of rights letter from its insurer, and the filing, by then recently-appointed defense counsel on May 13, 2016, of the motion to vacate, involved the need by Appellant to resolve the $100,000 retention issue with its insurer. Appellant was financially unable to shoulder the $100,000 retention requirement and, until the issue had been resolved between insured and insurer - with the insurer waiving the retention requirement, defense counsel could not be appointed.

Appellant acted in a manner which it believed was appropriate under the terms of its insurance policy, by submission of the claim to its insurer for handling. Appellant dealt with its insurer at several points following service of the Complaint, and reasonably believed and relied upon its insurer to respond to the Complaint. Just seven (7) days prior to the insurer's March 3, 2016 determination as to its handling of the claim, the default judgment at issue was already a *fait accompli*.

There is no evidence provided by Appellee, or otherwise, which would demonstrate that the actions of Appellant in responding to service of the Complaint constituted either "flagrant bad faith" or the "callous disregard" of its responsibilities; nor is there any evidence that Appellant's failure to timely answer

the complaint constituted a 'strategic decision' on its part. Absent this, the District Court abused its discretion by finding otherwise, and doing so, apparently solely upon its determination that May 13, 2016, the date upon which the motion to vacate was filed, demonstrated a four-month period of "ignorance" on the part of Appellant, established culpability and justified denial of the motion to vacate.

Accordingly, this Honorable Court should find that eCullet's actions were neither "culpable," nor did they constitute "flagrant bad faith," and that the District Court's findings on this issue, and its denial of the motion to vacate, to have constituted an abuse of discretion.

Appellant, therefore, respectfully requests that this Honorable Court find in its favor, and overturn the District Court's denial of eCullet's Motion to Vacate Default Judgment, and vacate that judgment.

### B.  THE DISTRICT COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE DEFENSES ASSERTED BY APPELLANT WERE NOT MERITORIOUS

A meritorious defense will be shown when the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *U.S. v. $55,518.05*, 728 F.2d at 195, quoting *Tozer*, 189 F.2d at 244.

Appellant, eCullet, included with its Motion to Vacate a copy of its proposed Answer to the Plaintiff-Appellee, ReComm's Complaint, which set forth several

meritorious defenses which, if proven at trial would constitute a complete defense to the Plaintiff claims in this matter. **(JA 0068 - 0079, at ¶¶25-28, and generally)**

Appellee, ReComm, in its opposition below, pays little attention to the defenses asserted by Appellant, eCullet, in its attached Answer to the Complaint, failing to discuss any of them, and simply asserting that eCullet "does no more than make conclusory statements and denials" therein. **(JA 0123)** This, however, is not the case.

While it is true that counsel for Defendant, eCullet, has asserted in its Answer a number of affirmative defenses which must under the rules be asserted or forever lost - to preserve the ability to proceed upon any such defenses as may be or become appropriate during litigation, Appellant, eCullet, has asserted, in its 25th, 26th, 27th and 28th Affirmative Defenses, defenses specific to the contracts between the parties, and the Plaintiff's claims, which, if proven at trial, would constitute complete defenses to those claims:

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant, eCullet, fulfilled its obligations under the contract with Plaintiff, ReCom, including its obligations under the written modifications of the contract, of July 14, 2014.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff, ReCom, breached the contract with Defendant, eCullet, with respect to the quality and/or quantity of the materials being submitted by ReCom to eCullet for processing.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, ReCom's breach of the terms of the contract with Defendant, eCullet, excuses eCullet's performance under the contract.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The essential terms of the contract between the parties was subject to their mutual mistake as to the quantity and quality of materials to be received by Plaintiff from MRFs and then delivered by Plaintiff to Answering Defendant for processing, which mutual mistake rendered the contract impossible to perform as the parties had intended, and performance therefore excused.

These defenses as proffered by eCullet, in its Answer to ReComm's Complaint, would constitute complete defenses to ReComm's claims that eCullet breached the contract with Appellee. It is not necessary that eCullet prove that it will prevail at trial on its asserted defenses, only that "it has a defense which, on its face, is meritorious." *Olivia B.*, 2014 U.S.Dist. LEXIS 155993 at *17, quoting *Nationwide*, 175 Fed. Appx. at 522.

Appellee fails to acknowledge the existence of these defenses set forth in eCullet's proposed Answer, and provides no response to them whatsoever.

In its decision denying Appellant's motion to vacate default judgment, the District Court goes well beyond the Third Circuit's requirement that the party seeking to vacate the default assert a defense which "on its face is meritorious," and which, "if established at trial, would constitute a complete defense to the

action." *Nationwide, supra; Tozer, supra.* The District Court seeks, instead, factual allegations by the Appellant which would, in essence, enable the Court to determine whether the defenses would prevail at trial. **(JA 0011 - 0012)**

The District Court goes too far in assessing whether the Appellant has asserted facially meritorious defenses to the Appellee's claims, and thereby abuses its discretion. Rather than determining whether the defenses asserted would constitute meritorious defenses at trial *if proven*, the Court seeks to know whether Appellant can or has proven the defenses.

Accordingly, this Honorable Court should find that eCullet has asserted a meritorious defense to Appellee, ReComm's claims against it, and that the District Court's findings on this issue, and its denial of the motion to vacate, to have constituted an abuse of discretion.

Appellant, therefore, respectfully requests that this Honorable Court find in its favor, and overturn the District Court's denial of eCullet's Motion to Vacate Default Judgment, and vacate that judgment.

### C.   THE DISTRICT COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLEE WOULD SUFFER PREJUDICE IF THE DEFAULT JUDGMENT WAS VACATED

The touchstone of prejudice is whether the claimant can show that "its ability to pursue the claim has been hindered since the entry of the default

judgment," such as by the loss of evidence or otherwise. *Gross*, 700 F.2d at 123.

Prejudice to a claimant based upon a delay on the part of the responding party

"rarely serves to establish the degree of prejudice sufficient to prevent the opening

of a default judgment entered at an early stage of the proceeding." *Feliciano*, 691

F.2d at 656-657.

Factors considered in determining whether the claimant will suffer

substantial prejudice by the opening of a default judgment include the loss of

available evidence, and whether the claimant will incur much greater costs due to

the delay, or the opportunity for fraud and collusion has increased. *General Tire &*

*Rubber Co. v. Olympic Gardens, Inc.*, 85 F.R.D. 66, 70 (E.D.Pa. 1979), citing

*Schartner v. Copeland*, 59 F.R.D. 653, 656 (M.D.Pa. 1973); *Titus v. Smith*, 51

F.R.D. 224 (E.D.Pa. 1970).

The Third Circuit in the *Tozer* case, noted that the District Court had "failed

to weigh certain factors" in determining whether the open the default at issue, and

that "it is proper for the court to consider whether any prejudice will result to

plaintiff if the judgment is set aside." 189 F.2d at 246, citing *Henry v.*

*Metropolitan*, 3 F.R.D. at 144; *Horning v. David*, 137 Pa.Super. 252, 8 A.2d 729

(Pa.Super. 1939). In assessing potential prejudice, the court in *Tozer* noted that

"[t]he record here discloses that there are no intervening equities, and that no

special harm would result to plaintiff except some delay in finally realizing

satisfaction of its claim, should plaintiff be successful on trial." 189 F.2d at 246.
The Third Circuit found that the District Court's failure to set aside the default
judgment constituted an abuse of discretion. *Id.*

Other than the obvious loss of a default judgment, as to which Appellee has
had to shoulder no burden in obtaining, there is a complete lack of any indication
of potential prejudice to ReComm if the judgment is opened, and eCullet permitted
to answer and proceed with its defense on the merits in this matter. The time
which has passed since ReComm obtained its default judgment is relatively short -
ReComm having obtained the default judgment *within days* of the expiration of the
21-day period for the filing of an answer. The relatively short period of time
which had passed between the entry of the default judgment and the filing of
eCullet's motion to vacate, below, is not sufficient for ReComm's ability to pursue
its claims against eCullet to have diminished in any way, through loss of evidence,
by the fading of memories or loss of witnesses, through the increase in the costs of
the litigation, or by any other measure which would act to disfavor opening the
default judgment.

The sole basis for alleged prejudice that ReComm appears to argue, is its
belief that if the judgment is vacated, that eCullet, will enter into bankruptcy, and
impair ReComm's ability to recover on a future, hypothetical judgment if obtained.
This argument fails to meet its mark for at least two reasons.

First, counsel for ReComm argues that representatives of eCullet had, at some point during a failed mediation process, indicated that eCullet may declare bankruptcy. However, even if eCullet, at some point in time, were to exercise its rights to seek protection under the Bankruptcy Code, no such bankruptcy has yet been declared - even quite some time has passed since the failed attempt at mediation.

Second, there is no indication in the record - nor does ReComm assert at any point in its Complaint or opposition, nor does it appear in the contract between the parties, that ReComm is a secured creditor of eCullet's  Therefore, any judgment obtained, whether by default, or through a determination after litigation on the merits, would be subject to its non-secured creditor status, and any ability to recover subordinated to the interests possessed by eCullet's secured creditors. Further, its having obtained a judgment by default - or any judgment obtained prior to some hypothetical declaration of bankruptcy on the part of eCullet, would not prevent such a judgment from being subject to the protections and limitations of a bankruptcy action by eCullet.

ReComm, in its opposition on the motion vacate, below, failed to demonstrate that it would suffer any prejudice if the default judgment were to be vacated, and eCullet permitted to file its Answer and proceed on the merits. There is no indication, nor has ReComm alleged, that the passage of time  -  since the

entry of default - will have prejudiced its ability to pursue its claims as against

eCullet. The time which has passed is relatively short, and well within the

"reasonable time" period that the Rules and case law contemplate in the grant of a

motion to vacate. Nor is there any indication or allegation that any evidence has

been lost or in any way impaired by the short period of time at issue, or any other

indication of prejudice which would weigh against vacating the default judgment.

Finally, the mere fact that ReComm will be required to litigate this matter on

the merits, rather than relying upon the default obtained, does not constitute

prejudice. *Blue Ribbon Commodity Traders, Inc. v. Progresso Cash and Carry*,

2008 U.S.Dist. LEXIS 57353, *8 (E.D.Pa. July 23, 2008), *citing Cassell v.

Philadelphia Maint. Co.*, 198 F.R.D. 67, 69 (E.D.Pa. 2000). Plaintiff, ReComm,

has failed to show that it will suffer any prejudice if the default judgment is lifted,

and it is required to prove its claims on the merits.

The District Court in its opinion fails to come to any conclusion as to

whether the Appellee will be prejudiced if the default judgment is vacated, and the

Appellant permitted to defense this action on the merits. The Court considers the

Appellee's assertion that it will be prejudiced *if* at some future time the Appellant

enters into bankruptcy. Both the Appellee and the Court can only speculate as to

*whether* such an event may occur, and the Court concludes only that it "cannot

may any determinations" as to Appellant's financial condition, and as to the

likelihood that it will at some further time, enter into bankruptcy. Thus, the only

potential prejudice entertained by the Court, the specter of a bankruptcy which has

not, even to this date, taken place, is left by the Court, undetermined. As such, the

District Court, despite its musings, has not determined that ReComm would suffer

prejudice if the judgment were vacated. (**JA 0015 - 0017**)

Accordingly, this Honorable Court should find that vacating the default

judgment at issue would not cause prejudice to Appellee, ReComm, and that the

District Court's findings on this issue, and its denial of the motion to vacate, to

have constituted an abuse of discretion.

Appellant, therefore, respectfully requests that this Honorable Court find in

its favor, and overturn the District Court's denial of eCullet's Motion to Vacate

Default Judgment, and vacate that judgment.


**D.     THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPROPRIATELY WEIGH THE ENORMITY OF THE PREJUDICE WHICH WOULD BE SUFFERED BY THE APPELLANT IF THE DEFAULT JUDGMENT WAS NOT VACATED**

In addition to considering the three factors discussed above, the Third

Circuit has consistently held that it "does not favor the entry of default judgment,"

*U.S. v. $55,518.05*, 728 U.S. 192, 193 (3d Cir. 1984), and that the Court in

determining whether to vacate a default judgment, should utilize "a standard of

'liberality,' rather than 'strictness'" in doing so. *Medunic v. Lederer*, 533 F.3d 891, 893-894 (3d Cir. 1976). Where there exists any doubts about whether to grant the motion, such doubts "should be resolved in favor of the petition to set aside the judgment so that cases be decided on the merits." *U.S. v. $55,518.05*, at 195. *See also Kimberg v. Univ. of Scranton*, 411 Fed. Appx. 473, 479 (3d Cir. 2010); *Hill*, 69 Fed. Appx. at 51; *Hritz*, 732 F.2d at 1181.

Finally, where particularly large sums of money are at stake (as in this case, in excess of $7.6 million), courts have held that such matters "should not be determined by default judgments if it can reasonably be avoided." *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (*citing Henry v. Metropolitan Life Ins. Co.*, 3 F.R.D. 142, 144 (W.D.Va. 1942)).

Surely no one can doubt that the enormity of the judgment at issue in this present matter constitutes the magnitude of default judgment that the Third Circuit and other courts have held should be avoided if at all possible.

The District Court completely failed to consider this aspect of the entry of the default judgment as against Appellant in this matter. The Court's failure to do so flies in the face of the Third Circuit's policy of disfavoring the entry of default judgments, and of encouraging the resolution of matters on the merits. Further, the Court ignores the Third Circuit's repeated invocation that "[m]atters involving large sums should not be determined by default judgments if it can reasonably be

avoided." *Tozer*, 189 F.2d at 245. No consideration to this aspect was given by the District Court. While the Court was unable to determine whether opening the judgment would in any way prejudice ReComm's interests, it cannot be rationally disputed that the entry of a default judgment as against eCullet in the amount of $7,695,179.97, and the subsequent denial of a motion to vacate that default judgment, will clearly work substantial prejudice upon the Appellant.

The District Court's failure to consider these aspects of the default judgment entered below constitutes an abuse of discretion.

Accordingly, this Honorable Court should find that the District Court, in failing to consider, or failing to appropriately consider, the enormity of the prejudice which failing to vacate the default, and permitting Appellant to defend this matter on the merits would cause to eCullet, and its denial of the motion to vacate, to have constituted an abuse of discretion.

Appellant, therefore, respectfully requests that this Honorable Court find in its favor, and overturn the District Court's denial of Appellant, eCullet's Motion to Vacate Default Judgment, and vacate that judgment.

## CONCLUSION

Appellant, eCullet, acted promptly and appropriately upon being served with the ReComm's Complaint in this matter, submitted the claims to its insurer promptly, and reasonably believed and relied upon that submission, pursuant to its insurance policy with StarStone (Torus), to timely and appropriately address that Complaint. Under the totality of the circumstances, eCullet, acted appropriately and reasonably; its actions were neither culpable nor negligent, and any "neglect" that might be found is, again under the totality of the circumstances, certainly excusable.

Finally, eCullet's conduct in promptly submitting the claims in this matter to its insurer, pursuant to its policy of insurance, and relying upon its insurer to act appropriately, as was its right under the policy, can hardly be considered on the part of eCullet to have constituted either "flagrant bad faith" or "callous disregard" of its responsibilities - without which, the Third Circuit has instructed in the *Emcasco* and *Gross* cases, this Court should not find eCullet's conduct to have been "culpable."

Further, Appellee, ReComm, will suffer no prejudice if this Court vacates the entry of default judgment against eCullet, and eCullet is permitted to file its proposed Answer and proceed to defend itself on the merits in this matter. Appellant, eCullet, though its proposed Answer, has presented several meritorious

defenses to the ReComm's claims for breach of contract, and related contract-based claims and damages claims which, if proven at trial, would constitute complete defenses.

Accordingly, it is respectfully requested that this Honorable Court reverse the decision of the District Court, grant the Motion to Vacate Default Judgment of Appellant, eCullet, and enter the proposed form of Order granting the same, and permitting eCullet to file its proposed Answer and to litigate this matter on the merits.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

_/s/Sean Robins_
Sean Robins, Esquire (No. SR1603)
Attorney for Defendant-Appellant,
eCullet, Inc.

DATE: _____March 21, 2017_____

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that this brief complies with the type-volume requirement of Rule 32(a)(7)(B) in that it contains 7576 words of text in Times New Roman, 14-point font.

Pursuant to Third Circuit Rule 31.1(c), I hereby certify that the text of the electronic (.PDF) version of the Brief of Appellees is identical to the text in the paper copies of the Brief of Appellees.

I hereby certify that a virus detection program, Symantec Endpoint Protection ver. 12.12.1.5 been run on the electronic version of the Brief of Appellees and that no virus was detected.

**MARKS, O'NEILL, O'BRIEN.
DOHERTY & KELLY, P.C.**


*/s/Sean Robins*
Sean Robins, Esquire (No. SR1603)
Attorney for Defendant-Appellant,
eCullet, Inc.

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

I, Sean Robins, Esquire, counsel for Appellant, eCullet, Inc., hereby certifies

that I am a member of the Bar of the United States Court of Appeals for the Third

Circuit.

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**


*/s/Sean Robins*

Sean Robins, Esquire (No. SR1603)
Attorney for Defendant-Appellant,
eCullet, Inc.

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

I, Sean X. Kelly, Esquire, counsel for Appellant, eCullet, Inc., hereby

certifies that I am a member of the Bar of the United States Court of Appeals for

the Third Circuit.

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
*/s/Sean X. Kelly*
Sean X. Kelly, Esquire (No. SXK8444)
Attorney for Defendant-Appellant,
eCullet, Inc.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

=================================================

Docket No. 16-3967

----------------------------------

RE COMMUNITY HOLDINGS II, INC.,

Plaintiff - Appellee,

- vs. -

ECULLET, INC.,

Defendant - Appellant.

----------------------------------

APPEAL OF ECULLET, INC., FROM OCTOBER 7, 2016 ORDER
OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY, HON. RENEE MARIE BUMB, U.S.D.J.,
DOCKET NO. 16-CV-00304, DENYING APPELLANT'S
MOTION TO VACATE DEFAULT JUDGMENT

=================================================

JOINT APPENDIX
VOLUME I

=================================================

SEAN X. KELLY, ESQ.
SEAN ROBINS, ESQ.
Attorneys for Defendant-Appellant
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
535 Route 38 East
Suite 501
Cherry Hill, NJ  08002

{NJ734085.1}

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

### <u>VOLUME I</u>

Notice of Appeal, dated and filed October 26, 2016 ..................... JA 0001

Order of the District Court, dated and filed October 7, 2016, denying
    Appellant's Motion to Vacate Default Judgment ................. JA 0002

Opinion of the District Court, dated and filed October 7, 2016, denying
    Appellant's Motion to Vacate Default Judgment .................. JA 0004

### <u>VOLUME II</u>

Docket Entries, DNJ, Docket No. 16-304 ................................... JA 0023

#### <u>Appellant's Motion to Vacate Default Judgment</u>

Notice of Motion to Vacate Default Judgment ........................... JA 0027

Certification of Counsel in Support of Motion to Vacate Default
    Judgment ................................................ JA 0028

Brief in Support of Motion to Vacate Default Judgment ................. JA 0039

Certificate of Service of Motion to Vacate Default Judgment ........... JA 0050

Exhibit A to Motion to Vacate Default Judgment  -  Service of Process
    Information, dated January 21, 2016 .............................. JA 0051

Exhibit B to Motion to Vacate Default Judgment  -  Notice of Claim served
    by eCullet to its insurance carrier, Torus, dated
    January 26, 2016 .................................................. JA 0052

Exhibit C to Motion to Vacate Default Judgment  -  Letter of Torus to
    eCullet, Inc., acknowledging receipt of claim, dated

January 27, 2016 ........................................................... JA 0054

Exhibit D to Motion to Vacate Default Judgment  -  Letter to Gary L.
    Gassman, Esquire, to eCullet, Inc., re: reservation of rights by
    Torus, dated March 3, 2016 .......................................... JA 0055

Exhibit E to Motion to Vacate Default Judgment  -  Certification of
    Craig J. London, dated May 10, 2016 ............................. JA 0064

Exhibit F to Motion to Vacate Default Judgment  -  Proposed Answer and
    Affirmative Defenses by Defendant, eCullet, Inc. to the Complaint
    of Plaintiff, Re Community Holdings II, Inc., dated
    May 13, 2016 .......................................................... JA 0068

Exhibit G to Motion to Vacate Default Judgment  -  Complaint of Plaintiff,
    Re Community Holdings II, Inc. vs. eCullet, Inc. ................. JA 0080

        Exhibit A to Plaintiff's Complaint  -  Mixed Glass Supply
        Agreement, effective May 1, 2012 ................................... JA 0090

        Exhibit B to Plaintiff's Complaint  -  e-mail modification of
        Agreement, between Stephen McDonnell, V.P. of Operations,
        eCullet, Inc. and Sean P. Duffy, President and COO, Re
        Community Holdings II, Inc., dated July 15, 2014 .............. JA 0112

**Appellee's Opposition to Motion to Vacate Default Judgment**

Brief in Opposition to Motion to Vacate Default Judgment ............ JA 0115

Certification of Counsel in support of opposition to Motion to Vacate
    Default Judgment ..................................................... JA 0127

Exhibit A to opposition to Motion to Vacate Default Judgment  -  Letter of
    Joel M. Ferdinand, Esquire to eCullet, Inc., with request for
    mediation, dated November 3, 2015 ............................... JA 0131

Exhibit B to opposition to Motion to Vacate Default Judgment  -  E-mail
    from AAA to parties, re: mediation ................................ JA 0136

Exhibit C to opposition to Motion to Vacate Default Judgment - ECF Notice of Clerk's Entry of Default, dated February 16, 2016 ............ JA 0139

Exhibit D to opposition to Motion to Vacate Default Judgment - E-mail from Mukti Patel, Esquire, to eCullet, Inc., re: request for entry of default, with attachments, dated February 22, 2016 .............. JA 0141

Exhibit E to opposition to Motion to Vacate Default Judgment - E-mail from Mukti Patel, Esquire, to eCullet, Inc., re: application for Clerk's entry of default judgment, with attachments, dated February 22, 2016 .................................................. JA 0148

Exhibit F to opposition to Motion to Vacate Default Judgment - E-mail from Mukti Patel, Esquire, to eCullet, Inc., with "revised" application for Clerk's entry of default, with attachments, dated February 24, 2016 .................................................. JA 0161

Exhibit G to opposition to Motion to Vacate Default Judgment - certified mail receipt, dated February 29, 2016 ............................. JA 0174

### Appellant's Reply in Support of Motion to Vacate Default Judgment

Reply Brief in Support of Motion to Vacate Default Judgment ........ JA 0176

Certificate of Service of Reply Brief in Support of Motion to Vacate Default Judgment .................................................. JA 0184

Proof of Service of Summons upon eCullet, January 20, 2016.......... JA 0185

Plaintiff's Request for Entry of Default, with attachments, dated February 12, 2016.................................................. JA 0186

Plaintiff's Request for Default Judgment, with attachments, dated February 22, 2016.................................................. JA 0190

Plaintiff's Revised Request for Default Judgment, with attachments, Dated February 24, 2016.............................................JA 0200

Order Granting Final Judgment By Default for Sum Certain, dated February 24, 2016.................................................. JA 0210

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Full Caption in District Court:

RE COMMUNITY HOLDINGS II, INC.

(Plaintiff)

v.

(Defendant)

ECULLET, INC

Docket No.:

16-304

Judge:

Hon. Renee Marie Bumb

Notice of Appeal to the
**U.S. Court of Appeals for the
Third Circuit**

Notice is hereby given that ECULLET, INC.
                              (Named Party)

appeals to the United States Court of Appeals for the Third Circuit from

[ ] Judgment, [✓] Order, [ ] Other  Denying Defendant's Motion to Vacate Default Judgment
                                          (Specify)

of the United States District Court, District of New Jersey, entered in this action on

October 7, 2016
(Date)

Dated:  October 20, 2016

Sean Robins, Esquire (Counsel for Appellant, eCullet, Inc.)
Appellant

635  Route 38 East, Suite 501
Street

Cherry Hill, New Jersey 08002
City, State, Zip

866-663-4300
Telephone

JA - 0001

[Docket No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RE COMMUNITY HOLDINGS II, INC.,

    Plaintiff,

        v.

ECULLET, INC.,

    Defendant.

Civil No. 16-304 (RMB/JS)

ORDER

THIS MATTER having come before the Court upon the Motion to Vacate the Default Judgment by Defendant eCullet, Inc. (the "Defendant") [Docket No. 11]; and the Court having reviewed the parties' submissions; and for the reasons set forth in the accompanying Opinion issued on this date;

IT IS HEREBY, on this 7th day of October 2016,

ORDERED that the above-caption matter is REOPENED for the limited purpose of resolving the Defendant's Motion to Vacate the Default Judgment; and it is further

ORDERED that the Defendant's Motion to Vacate the Default Judgment [Docket No. 11] is DENIED; and it is further

ORDERED that the Order Granting Final Judgment by Default in favor of Plaintiff and against Defendant [Docket No. 10] shall remain in effect; and it is further

JA - 0002

**ORDERED** that the Clerk of the Court shall **CLOSE** the file in the above-captioned matter.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

2

JA - 0003

NOT FOR PUBLICATION                          [Docket No. 11]

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| RE COMMUNITY HOLDINGS II, INC., | |
| Plaintiff, | Civil No. 16-304 (RMB/JS) |
| v. | OPINION |
| ECULLET, INC., | |
| Defendant. | |

APPEARANCES:

Joel M. Ferdinand, Esq.
FisherBroyles, LLP
1200 Abernathy Road
Building 600, Suite 1700
Atlanta, GA 30328

Mukti Naresh Patel, Esq.
FisherBroyles, LLP
100 Overlook Center
Second Floor
Princeton, NJ 08540
    *Attorneys for Plaintiff RE Community Holdings II, Inc.*

Sean Robins, Esq.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
Cherry Tree Corporate Center
535 Route 38 East
Suite 501
Cherry Hill, NJ 08002
    *Attorney for Defendant eCullet, Inc.*

BUMB, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Motion to

Vacate the Default Judgment by Defendant eCullet, Inc.

("eCullet" or the "Defendant") [Docket No. 11].  The Court has

1

JA - 0004

reviewed the parties' submissions and, for the following reasons, Defendant's motion is denied.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2016, Plaintiff RE Community Holdings II, Inc. ("RECom" or the "Plaintiff") commenced the instant litigation by filing a complaint against the Defendant (the "Complaint") [Docket No. 1].

The underlying dispute stems from an alleged breach by Defendant of a supply contract between the parties. According to the Complaint, on May 1, 2012, the parties entered into an agreement "whereby eCullet agreed to purchase and receive from RECom a supply of any and all mixed glass materials from" certain materials recovery facilities belonging to Plaintiff. Complaint ¶ 7. Plaintiff alleges that in early 2014, Defendant stopped accepting materials from Plaintiff's facilities and indicated that it intended to sell its business. Id. ¶ 13. As a result, the parties amended the contract to permit Defendant to find a buyer for its business on the condition that any buyer would assume Defendant's obligations under the contract. Id. ¶¶ 14-15. The Complaint alleges, however, that Defendant sold its business without requiring the buyer to assume the obligations to Plaintiff under the contract. Id. ¶ 17.

2

According to Plaintiff, at the time of the sale, Defendant owed Plaintiff outstanding payables, which remain unpaid to date.  Id. ¶¶ 18, 20.  Plaintiff also claims that, although it has tried to mitigate its damages, it has been unable to sell its materials to a third party because of "a change in market conditions and the saturation of the market."  Id. ¶ 21. According to the Complaint, Plaintiff is entitled to damages from Defendant in the amount of $7,687,026 through the end of the term of the contract on May 1, 2017.  Id. ¶ 23.

Prior to the filing of the Complaint, Plaintiff instituted non-binding arbitration proceedings in an attempt to mediate the dispute, as required by the parties' contract.  Patel Cert. Ex. A [Docket No. 12-2].  According to a December 17, 2015 email from the mediator, Defendant represented on a conference call that it was insolvent and unable to pay its share of the mediation expenses.  Patel Cert. Ex. B [Docket No. 12-2]. Therefore, the mediation did not proceed and the Plaintiff resorted to filing this lawsuit.

The Complaint was served upon Defendant's service agent on January 21, 2016 in Sacramento, California.  Def. Br. Ex. A [Docket No. 11-5].  According to Defendant, Defendant notified its insurance carrier of the Complaint on January 26, 2016. Def. Br. Ex. B [Docket No. 11-6].  The insurer acknowledged receipt the following day.  Def. Br. Ex. C [Docket No. 11-7].

3

Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file an answer or other responsive pleading on or before February 11, 2016, yet it failed to do so. On February 12, 2016, Plaintiff requested that the Clerk of the Court enter a default against Defendant [Docket No. 6]. The Clerk of the Court entered the default on the docket on February 16, 2016. According to Plaintiff, Plaintiff forwarded both the request for default and the Clerk's entry of default to Defendant's general counsel by email on February 22, 2016. Patel Cert. Ex. D [Docket No. 12-2].

On February 22, 2016, Plaintiff filed a request for an order granting final judgment by default against Defendant for a sum certain pursuant to Federal Rule of Civil Procedure 55(b)(1) [Docket No. 8]. The same day, Plaintiff sent Defendant a copy of its request by certified mail and email. Patel Cert. Ex. E [Docket No. 12-2]. Two days later, Plaintiff filed a revised request [Docket No. 9], which it also sent to Defendant by certified mail and email. Patel Cert. Ex. F [Docket No. 12-2]. On that same day, the Clerk of the Court entered a final judgment by default against Defendant and in favor of Plaintiff in the total amount of $7,695,179.97, representing the principal amount of $7,687,026.00, prejudgment interest of $7,594.97, and costs of $559.00 [Docket No. 10].

4

On March 3, 2016, counsel for Defendant's insurer notified Defendant that the insurer would defend it in the instant action, but that Defendant would be required to pay $100,000 out of pocket before the insurer became obligated to pay any defense costs. Def. Br. Ex. D [Docket No. 11-8]. Defendant informed its insurer that, due to its financial condition, it was unable to satisfy this requirement. Def. Br. Ex. E ¶ 18 [Docket No. 11-9]. On April 7, 2016, however, the insurer agreed to defend Defendant "from the first dollar." Id. ¶ 19. Then, on May 13, 2016, Defendant filed its Motion to Vacate the Default Judgment [Docket No. 11].

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) permits parties to petition federal courts for relief from final judgments. When deciding whether to set aside a default judgment in particular, district courts are guided by a three-part test and must consider (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016); Nationwide Mut. Ins. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 522 (3d Cir. 2006) (citing Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 981

5

(3d Cir. 1988)); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73

(3d Cir. 1987).

  While district courts are generally urged to make explicit

findings concerning these three factors in considering a motion

to vacate a default judgment, Emcasco, 834 F.2d at 73, the

second factor, namely whether the defendant has a meritorious

defense, is a "threshold question," since "there would be no

point in setting aside the default judgment and [conducting] a

. . . hearing [on the merits] if [the moving party] could not

demonstrate the possibility of his winning." U.S. v. $55,518.05

in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); accord

Starlight Ballroom, 175 F. App'x at 522.

  Decisions to set aside default judgments are left to the

discretion of the district court, but doubtful cases should be

resolved in favor of the party moving to set aside the default

judgment so that cases, when possible, may be decided on their

merits. $55,518.05, 728 F.2d at 194-95 (citing Tozer v. Charles

A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)).

Generally, the Third Circuit is "reluctan[t] to permit the final

disposition of substantial controversies by default." Hutton v.

Fisher, 359 F.2d 913, 916 (3d Cir. 1966) (quoting Tozer, 189

F.2d at 245 ("Matters involving large sums should not be

determined by default judgments if it can be reasonably

avoided.")).

6

JA - 0009

III. ANALYSIS

A. Meritorious Defense

The Court first considers the "threshold question" of whether Defendant has a meritorious defense, which would, if established at trial, constitute a complete defense to the action. §55,518.05, 728 F.2d at 195.

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" §55,518.05, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 244). A defendant, however, "does not have the right to have a default judgment set aside automatically upon alleging a defense." Harad, 839 F.2d at 982. Rather, the "standard is more stringent; it requires a defendant to 'set forth with some specificity the ground for his defense.'" Starlight Ballroom, 175 F. App'x at 522 (quoting Harad, 839 F.2d at 982). Courts then evaluate the substance of the defense to ascertain whether it is meritorious. Id. (citing Harad, 839 F.2d at 982).

Defendant's Proposed Answer [Docket No. 11-10] sets forth twenty-nine affirmative defenses. Defendant appears to concede that these affirmative defenses are largely generic, but urges the Court to instead focus on four of these defenses which, in Defendant's view, are "specific to the contracts between the parties, and the Plaintiff's claims, which, if proven at trial,

7

JA - 0010

would constitute complete defenses to those claims."  Def. Reply Br. at 13 [Docket No. 13].[1]

Defendant does not allege any "specific facts beyond simple denials or conclusory statements" supporting these affirmative defenses, as required to establish a meritorious defense. See $55,518.05, 728 F.2d at 195.  Instead, Defendant baldly

---

[1] The four affirmative defenses read as follows:

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant, eCullet, fulfilled its obligations under the contract with Plaintiff, ReCom, including its obligations under the written modifications of the contract, of July 14, 2014.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff, ReCom, breached the contract with Defendant, eCullet, with respect to the quality and/or quantity of the materials being submitted by ReCom to eCullet for processing.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, ReCom's breach of the terms of the contract with Defendant, eCullet, excuses eCullet's performance under the contract.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The essential terms of the contract between the parties was [sic] subject to their mutual mistake as to the quantity and quality of materials to be received by Plaintiff from MRFs and then delivered by Plaintiff to Answering Defendant for processing, which mutual mistake rendered the contract impossible to perform as the parties had intended, and performance therefore excused.

Proposed Answer at p. 11.

8

asserts that it has fulfilled its obligations under the parties'
contract, that Plaintiff has breached the contract and,
therefore, excused Defendant's performance, and that the
essential terms of the parties' contract were subject to mutual
mistake, rendering performance impossible.  Proposed Answer at
p. 11.  Yet the Defendant does not elucidate the grounds for
these defenses with any specificity whatsoever.  The Proposed
Answer contains no "substance" from which the Court may
"ascertain whether [the defenses] [are] meritorious." Starlight
Ballroom, 175 F. App'x at 522 (citing Harad, 839 F.2d at 982).
In light of the "stringent standard" set forth by the Third
Circuit, see Harad, 839 F.2d at 982, the Court finds that
Defendant's Proposed Answer does not set forth a meritorious
defense which, if proven at trial, would establish a complete
defense to the action.

   In any case, even if Defendant's affirmative defenses were
set forth with the requisite specificity, the defenses only
address Plaintiff's contract-based claims.  The Complaint,
however, also pleads a fraud claim (Count Five) and a fraudulent
transfer claim under N.J.S.A. § 25:2-25 (Count Six).  Yet
Defendant's Proposed Answer does not assert any defenses to
either of these claims.  It is insufficient to set forth
allegations that may provide complete defenses to only certain
claims, but not others.  See In re Subramanian, 245 F. App'x

9

111, 116-17 (3d Cir. 2007) (affirming bankruptcy court's denial of motion to vacate default judgment "because debtors failed to assert a meritorious defense as to all of the allegations in the complaint") (emphasis added); see also Amato v. Mastria, 2007 WL 837097, at *3 (D.N.J. Mar. 16, 2007) (citing §55,518.05, 728 F.2d at 195) ("[Defendant] must demonstrate the existence of a meritorious defense to the entire case before the Court should even consider whether to vacate the default."). Accordingly, Defendant has failed to establish that it has a meritorious defense because it has not set forth any defenses that, if proven at trial, would constitute a complete defense to the action. See §55,518.05, 728 F.2d at 195. This factor decidedly supports denial of Defendant's Motion to Vacate the Default Judgment.

Because the matter of whether Defendant has a meritorious defense is a "threshold question" in ruling on a motion to vacate a default judgment and the Court has found that Defendant has not established that it has a meritorious defense, the Court need not reach the remaining two factors. Id. Nonetheless, as the Third Circuit has urged district courts to make explicit findings concerning these factors when considering a motion to vacate a default judgment, the Court will do so. Emcasco, 834 F.2d at 73.

10

## B. Prejudice to Plaintiff

The Court next addresses whether Plaintiff will be
prejudiced if this Court vacates the default judgment against
Defendant. "Prejudice is established . . . when a plaintiff's
'ability to pursue the claim has been hindered . . . [by, for
example,] loss of available evidence, increased potential for
fraud or collusion, or substantial reliance upon the judgment.'"
Starlight Ballroom, 175 F. App'x at 524 (quoting Feliciano v.
Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982)). "Delay
in realizing satisfaction on a claim rarely serves to establish
the degree of prejudice" necessary to warrant the denial of a
motion to vacate a default judgment. Feliciano, 691 F.2d
at 656-57.

Plaintiff contends that it will be prejudiced if the Court
grants the pending motion because it "will be unable to obtain
relief if the default judgment is vacated." Pl. Opp. Br. at 6
[Docket No. 12]. It bases this argument on Defendant's alleged
representations during mediation that it was insolvent and
intended to file for bankruptcy. Patel Cert. ¶¶ 7-9 [Docket
No. 12-1]; Patel Cert. Ex. B [Docket No. 12-2]. As a result of
these alleged representations, Plaintiff is concerned that "[i]f
the [default] judgment is vacated and eCullet is able to declare
bankruptcy before RECom can litigate its claims to judgment
again, then RECom will be unable to pursue its claims at all and

11

potentially have no remedy." Pl. Opp. Br. at 7. This is the only prejudice that Plaintiff claims it will suffer. Defendant neither admits nor denies stating that it intends to file for bankruptcy protection. Additionally, Defendant does not make any representations as to its current financial condition or its present intention with regards to bankruptcy. It merely states that it has not yet filed for bankruptcy. Def. Reply Br. at 2.

At this stage, the Court is unable to determine whether Defendant is likely to file for bankruptcy and, accordingly, whether Plaintiff's claims of prejudice will materialize. All the Court has before it are Plaintiff's statements that, in late 2015, Defendant claimed that it was insolvent and intended to seek bankruptcy protection. It is unable to assess whether those statements were true at the time or, more importantly, whether they are true now.

The Court nonetheless notes that if Plaintiff's concern is well-founded and Defendant does intend to file bankruptcy in the near future, this would prejudice Plaintiff by hindering its ability to pursue its claims in light of the automatic stay. See, e.g., Provident Bank v. Bittleman, 2012 WL 1414249, at *2 (S.D. Fla. Apr. 20, 2012) ("granting [defendant's] request for relief [to vacate the default judgment] may further prejudice [plaintiff] as [defendant] is considering filing for bankruptcy"); Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 10

12

JA - 0015

(D.D.C. 2008) ("the fact that the [defendant] is now 'virtually insolvent' counsels against setting aside the default judgment . . . given that Plaintiffs' likelihood of a successful recovery is diminishing rapidly with the passage of time.") (internal quotations and alterations omitted); Bell Sav. Bank PaSA v. Del-Val Fin. Corp., 1990 WL 181496, at *2 (E.D. Pa. Nov. 20, 1990) ("Under these circumstances, [plaintiff] reasonably fears that [defendant] may file for bankruptcy.  If [defendant] does in fact file for bankruptcy, [plaintiff] would be significantly prejudiced if the judgment were opened . . . .").

Defendant responds to Plaintiff's claim of prejudice by stating that, if it filed for bankruptcy, any judgment obtained against it by Plaintiff, whether by default or not, "would be subject to its non-secured creditor status, and any ability to recover subordinated to eCullet's secured creditors."  Def. Reply Br. at 2.  It appears, however, that Plaintiff would be in a better position in any future bankruptcy proceedings as the holder of a valid federal court judgment against Defendant, as opposed to merely as a party in an unresolved litigation.

In any case, upon the record before it, the Court cannot make any determinations as to Defendant's present financial condition or the likelihood that it will soon file bankruptcy. Accordingly, while Plaintiff "may justifiably be concerned about the potential disruptions [Defendant's possible] bankruptcy may

13

cause, at this point that threat is speculative. Such speculation is not the type of concrete prejudice that weighs against setting aside the default." Stilley v. Elliott Auto Supply Co., 2015 WL 4715554, at *4 (D. Minn. Aug. 7, 2015).

### C. Culpability of Defendant

Finally, the Court considers whether the entry of the default judgment was the result of Defendant's culpable conduct. The Third Circuit has held that "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984). The Hritz court cautioned, however, that:

> [T]he words 'willfulness' and 'bad faith' are not talismanic incantations which alone resolve the issue on appeal. These are simply terms to guide the district court by expressing this Court's preference for avoiding default judgments where the circumstances do not justify such a result. The entry of default judgment may be as proper in a case where these terms never appear as it is improper where the terms are invoked in support of arbitrary procedural adjudication.

Id. at 1182-83.

Accordingly, "as a threshold matter to establish culpability, more than mere negligence [must] be demonstrated." Id. at 1183; accord Starlight Ballroom, 175 F. App'x at 523 (quoting Hritz, 732 F.2d at 1183). "[A]cts intentionally designed to avoid compliance with court notices," as well as

14

"[r]eckless disregard for repeated communications from plaintiffs and the court," may demonstrate culpability. <u>Hritz</u>, 732 F.2d at 1183; <u>see also</u> <u>Starlight Ballroom</u>, 175 F. App'x at 523.

Defendant argues that it, at most, acted negligently and that its neglect is "clearly excusable under the circumstances." Def. Br. at 8 [Docket No. 11]. In fact, Defendant contends that it acted "appropriately" and "reasonably" by forwarding the complaint to its insurer within days of being served and then waiting for its insurer to act. Id. Plaintiff counters that, other than send the complaint to its insurer, Defendant "did nothing but sit on its hands," even though Defendant knew it was being sued. Pl. Opp. Br. at 9. This, Plaintiff contends, demonstrates that Defendant willfully ignored this action and disregarded its obligation to defend itself.

The Court agrees that Defendant acted willfully in ignoring this action until May 13, 2016, almost four months after it had been served with the summons and complaint. In essence, Defendant argues that, by promptly forwarding the complaint to its insurer, it had washed its hands of the matter and had no further obligations with regard to the action. The Court disagrees. Although Defendant promptly forwarded the Complaint to its insurer, this alone does not excuse Defendant from defending itself in accordance with the Federal Rules of Civil

15

JA - 0018

Procedure or suffering the consequences of its failure to do so.
At the very least, Defendant could have notified Plaintiff and
the Court that it intended to defend itself but that it was
awaiting confirmation of representation from its insurer.  Yet,
it instead chose to do nothing.

Knowing full well that a multimillion dollar default
judgment had been entered against it, Defendant continued to do
nothing.  It apparently did not reach out to its insurer in an
effort to expedite the process.  Even once it heard back from
its insurer on March 3, 2016 and after its insurer agreed on
April 7, 2016 to represent Defendant, Defendant continued to
ignore this action and the default judgment against it.  It was
not for another month that Defendant, presumably through its
insurer, finally sought to vacate the default judgment.

Where, as here, a defendant repeatedly and completely
disregards communications regarding a lawsuit against it and
chooses not defend itself until months after its deadline to
file a responsive pleading has passed, its conduct is willful
and culpable.  See, e.g., Braverman Kaskey, P.C. v. Toidze,
599 F. App'x 448, 453 (3d Cir. 2015); Starlight Ballroom,
175 F. App'x at 523; Smith v. Kroesen, 2016 WL 5402211, at *4
(D.N.J. Sept. 27, 2016).

For example, in Starlight Ballroom, the Third Circuit
upheld the district court's denial of a motion to vacate a

16

default judgment, in part, because the default was the result of
the defendant's culpable conduct.  175 F. App'x at 523.  The
Third Circuit observed that the defendant

> [did] not dispute that it received all key
> correspondence in this case.  It did not reply to
> [plaintiff's] May 2004 letter.  It also did not, as
> the District Court found, answer, appear, or plead in
> response to the July 20, 2004 summons and complaint;
> the August 11, 2004 motion for default; the August 12,
> 2004 entry of default; or the September 16, 2004
> motion for default judgment.  At no time during this
> entire proceeding did [the defendant] contact either
> [the District] Court or [the plaintiff].  Instead,
> [defendant] simply gave all the paperwork to its
> insurance broker.

Id. (internal quotations and citations omitted).  The Third
Circuit found that "[t]his is the kind of reckless disregard for
repeated communications regarding a suit that establishes a
defendant's culpability."  Id.

    Likewise, in Braverman Kaskey, the Third Circuit affirmed
the district court's determination that defendant's default was
intentional.  599 F. App'x at 453.  The Third Circuit explained
that the district court properly found that defendant's "conduct
in ignoring this action [was] culpable and not merely negligent"
where the plaintiff had emailed defendant "in an attempt to
notify her of the pending litigation."  Id.; see also Smith,
2016 WL 5402211, at *4 ("ignoring legal documents and service of
a complaint simply because they were new and unfamiliar cannot

17

absolve a properly served defendant from the ramifications of
burying his head in the sand.").

    In any case, Defendant's "responsibility . . . does not
terminate with its purchase of an insurance contract." See
Hritz, 732 F.2d at 1183-84.  It should have had in place "an
appropriate internal procedure for processing claims . . . .
The absence of such a procedure, in effect the disregard for the
possibility of injuries [caused by it], is also a proper
consideration in deciding whether a defendant's conduct may be
deemed culpable." Id. at 1184 (citing Davis v. Safeway Stores,
Inc., 532 F.2d 489, 490 (5th Cir. 1976)) (affirming district
court's refusal to vacate a default judgment because "[t]he lack
of communication between defendant and its insurance company for
three weeks after the latter had received a copy of the
complaint suggests an absence of minimal internal procedural
safeguards."); see also Williams v. Lakin, 2007 WL 2114649,
at *3 (N.D. Okla. July 20, 2007) ("Courts have generally
attributed the actions of the insurer to the insured in the
context of a default judgment . . . .  Most courts have not set
aside default judgment when an insurer's actions caused default
judgment to be entered against the insured.").  "Ultimately, as
the actual entity being sued, [Defendant eCullet] must take
responsibility for assuring itself that what must be done has,
in fact, been done." Hritz v. Woma Corp., 92 F.R.D. 364, 367

18

JA - 0021

(W.D. Pa. 1981) (noting that "[i]t should be apparent to a corporation like [defendant] that simply filtering the complaint down to the insurance carrier who will ultimately be responsible for the preparation of the defense is likely to take longer than 20 days. It must take steps to expedite the process when confronted with a suit."), remanded on other grounds 732 F.2d 1178 (3d Cir. 1984).

Accordingly, the Court finds that the default judgment was not due to Defendant's excusable neglect, but rather it was the result of its own willful disregard of its responsibilities in this action. This third factor weighs against setting aside the default judgment.

IV.   CONCLUSION

In sum, the Court has assessed the relevant factors and finds that the default judgment should not be vacated. Accordingly, for the foregoing reasons, Defendant's Motion to Vacate the Default Judgment [Docket No. 11] is denied. The Order granting final judgment by default in favor of Plaintiff and against Defendant [Docket No. 10] shall remain in effect. An appropriate Order will issue this date.

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> UNITED STATES DISTRICT JUDGE

Dated: October 7, 2016

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

===========================================================

Docket No. 16-3967

------------------------------------

RE COMMUNITY HOLDINGS II, INC.,

Plaintiff - Appellee,

- vs. -

ECULLET, INC.,

Defendant - Appellant.

------------------------------------

APPEAL OF ECULLET, INC., FROM OCTOBER 7, 2016 ORDER
OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY, HON. RENEE MARIE BUMB, U.S.D.J.,
DOCKET NO. 16-CV-00304, DENYING APPELLANT'S
MOTION TO VACATE DEFAULT JUDGMENT

===========================================================

CERTIFICATE OF SERVICE

===========================================================

I, Sean Robins, Esquire, do hereby certify that the within Brief of Appellant,

eCullet, Inc., and Joint Appendix, were filed via the Court's ECF system on March

21, 2017, and that the same were thereby served upon counsel for the Plaintiff-

Appellee, Re Community Holdings II, Inc., as follows:

Mukti N. Patel, Esquire (*Via ECF*)
FisherBroyles, LLP
100 Overlook Center

Second Floor
Princeton, NJ  08540

Joel M. Ferdinand, Esquire  (*Via ECF*)
FisherBroyles, LLP
1200 Abernathy Road
Building 600, Suite 1700
Atlanta, GA 30328

Respectfully submitted,

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

/s/  Sean Robins
SEAN ROBINS, ESQUIRE
Cherry Tree Corporate Center
535 Route 38 East
Suite 501
Cherry Hill, NJ  08002
(856) 663-4300

DATE: _____March 21, 2017_____